UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 JUN 10 PM 2: 40

CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| JAMAL HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-00130 |
| ) | |
| VERMONT STATE POLICE and ) | |
| RUTLAND POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

**ORDER DIRECTING PAYMENT**
**OF FILING FEE UNDER 28 U.S.C. § 1915(b)**

Plaintiff Jamal Hall, a federal inmate representing himself, has filed a civil complaint asserting claims under 42 U.S.C. § 1983. On May 21, 2021, the court granted Plaintiff's request for leave to proceed *in forma pauperis*, or without prepayment of fees, pursuant to 28 U.S.C § 1915(a). 28 U.S.C § 1915(a) ("any court . . . may authorize the commencement [of an action] without prepayment of fees[.]"). Pursuant to § 1915(b)(1), however, Plaintiff, because he is a prisoner, is "required to pay the full amount of [the] filing fee" for this action. *Id.* § 1915(b)(1), (h). Plaintiff must pay "an initial partial filing fee of 20 percent of the greater of . . . the average monthly deposits to [his] account[] or . . . the average monthly balance in [his] account for the 6-month period immediately preceding the filing of the complaint[.]" *Id.* § 1915(b)(1)(A)–(B). Thereafter, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to [his] account. . . . until the filing fees are paid." *Id.* § 1915(b)(2).

Here, the Trust Fund Supervisor for the Federal Correctional Institution Allenwood certified that Plaintiff had the current sum of $87.28, his average daily balance was $160.07, and his prior six months' deposits were $1,801.24 as of April 22, 2021. (Doc. 1-1 at 4.) Accordingly, Plaintiff is required to pay an initial partial filing fee of $60.04, which is twenty (20) percent of the average $300.20 monthly deposits to his account. Hereafter, Plaintiff is obligated to make monthly payments in the amount of twenty (20) percent of the preceding month's income credited to his prison trust account.

By separate Order, these payments shall be collected by the Federal Bureau of Prisons, or its designee, each time the amount in Plaintiff's trust account exceeds $10.00 until the filing fee is collected in full or Plaintiff is released from custody, whichever comes first, at which time the Federal Bureau of Prisons shall forward the full payment to the Clerk of Court. *See* 28 U.S.C. § 1915(b)(2).

If the allegations in the Complaint are substantiated, Plaintiff may have an opportunity to prevail on the merits of this action. The following paragraphs are intended to assist the self-represented litigant by identifying for him certain requirements of this court. Failure to comply with these requirements may result in the dismissal of the Complaint.

Because Plaintiff is not represented by a lawyer, he is reminded that the Federal Rules of Civil Procedure require him to mail to the lawyer or lawyers for Defendants a true copy of anything he sends to the court. Failure to do so may result in dismissal of this case or other penalties. Anything filed with the court should specifically state that it has been sent to the lawyer or lawyers for Defendants. Plaintiff should keep a true copy of everything he sends to Defendants or the court.

Each party shall keep the court apprised of a current address at all times while the action is pending. Notice of any change of address must be filed promptly with the court and served on other parties.

As this case proceeds, it is possible that Defendants may file a motion for summary judgment. The Second Circuit requires that a self-represented litigant be provided notice "of the nature and consequences of a summary judgment motion." *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 621 (2d Cir. 1999); *see also Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). In general, a motion for summary judgment made by a defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure is a request for a judgment in the defendant's favor without a trial. This motion will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle him or her to judgment as a matter of law. Failure to contradict those factual assertions may result in the entry of summary judgment against the plaintiff.

To contradict or oppose a defendant's motion for summary judgment, the plaintiff must support his claims with admissible evidence. The plaintiff may do this in one or more of the following ways. Most typically, the plaintiff may file and serve one or more affidavits or declarations setting forth the facts that would be admissible in evidence that he believes prove his claims or counter the defendant's assertions. The person who signs each affidavit must have personal knowledge of the facts stated within the affidavit. Alternatively, the plaintiff may rely on statements made under penalty of perjury in the complaint if the complaint shows that the plaintiff has personal knowledge of the matters stated, and if the plaintiff calls to the court's attention those parts of the complaint upon which he relies to oppose the defendant's motion. The plaintiff may also rely upon written records but must prove that the records are what he claims they are. Finally, the plaintiff may rely on all or any part of deposition transcripts, answers to interrogatories, or admissions obtained in this proceeding

Plaintiff should always file a response to a motion by a defendant. In particular, in the event a defendant files a motion for summary judgment, or moves to dismiss the Complaint, Plaintiff's failure to respond may result in the dismissal of the case.

In accordance with the above, it is hereby ORDERED that:

1. Because Plaintiff's request for leave to proceed *in forma pauperis* (Doc. 1) has been GRANTED, Plaintiff's Complaint has been filed and Plaintiff shall not be required to pay the fees for service of the Complaint. Service of process shall be undertaken pursuant to 28 U.S.C. § 1915(d), and if necessary, shall be effected by the U.S. Marshals Service. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

2. By law, Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff must pay an initial partial filing fee of $60.04 and the remainder of the fee shall be collected and paid in accordance with this court's Order, filed concurrently herewith.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 10th day of June, 2021.

Christina Reiss, District Judge
United States District Court