UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 APR 27  PM 4: 14

CLERK

BY _____
DEPUTY CLERK

JAMAL HALL, )
)
Plaintiff, )
)
v. )   Case No. 2:21-cv-00130
)
VERMONT STATE POLICE and )
RUTLAND POLICE DEPARTMENT, )
)
Defendants. )

## ENTRY ORDER
## GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION FOR RECONSIDERATION TO
## REOPEN AND GRANTING PLAINTIFF PARTIAL LEAVE TO AMEND
(Doc. 21)

Plaintiff Jamal Hall, a federal inmate representing himself, moves for reconsideration to reopen his case asserting claims under 42 U.S.C. § 1983 against Defendants Vermont State Police ("VSP") and Rutland Police Department ("RPD") (collectively, "Defendants") that the court dismissed for lack of prosecution. (Docs. 20, 21.) Plaintiff alleged that, during his arrest, Defendants discriminated against him and used excessive force by tasing him and conducting a cavity search. (Doc. 3.) On October 7, 2021, the court issued an Opinion and Order ("O & O") dismissing the Complaint. The court granted Plaintiff leave to file an Amended Complaint. Because Plaintiff failed to timely file an Amended Complaint, on December 22, 2021, Plaintiff's case was dismissed.

Plaintiff requests the court reopen his case and allow him to file an Amended Complaint. He asserts his failure to timely file an Amended Complaint was due to a miscommunication between himself and legal counsel he contacted to represent him in this case. VSP opposes Plaintiff's motion for reconsideration (Doc. 22) and RPD joins in that opposition (Doc. 23). The court took the motion under advisement on February 4,

2022.

## I.      Plaintiff's Motion for Reconsideration.

On May 21, 2021, under 28 U.S.C. § 1915(a)(1), Plaintiff was granted leave to proceed *in forma pauperis* without prepayment of filing fees, and on May 24, 2021, his Complaint was filed. Plaintiff alleges that on August 2, 2018, members of RPD and VSP:

> used excessive force by way of "taser" . . . shot multiple times at [P]laintiff
> and at close range shot excessive shots into [P]laintiff's body causing
> permanent nerve damage to [P]laintiff. The RPD and other law enforcement
> physically assaulted [P]laintiff and used derogatory racial remarks to
> [P]laintiff while engaging in the assault by prying [P]laintiff['s] legs apart
> to do a "rectum search."

(Doc. 3 at 2-3.) He further alleges VSP used "pretextual tactics" by considering Plaintiff's "color (African American)[,] sex (male) and geographical area (New York City) to usher the violent assault upon [him] by looking in [his] rectum for drugs that were not part of the investigation or incident." *Id.* at 4-5. He asserts these actions violated his Fourth and Fourteenth Amendment rights. He further asserts both RPD and VSP are responsible for training their employees and for compliance with applicable law. Plaintiff seeks "substan[t]ial amounts of compensation due to his injuries." *Id.* at 3.

The court's October 7, 2021 O & O dismissed Plaintiff's claims against RPD because it was not an entity that could be sued and dismissed his claims against VSP because sovereign immunity bars private suits for damages against a nonconsenting state, its agencies, and officials. The court noted the proper defendant for Plaintiff's claims against RPD is the City of Rutland and explained the governing law for stating a municipal liability claim under § 1983.

The court granted Plaintiff leave to file an Amended Complaint on or before November 5, 2021, and warned that the action would be dismissed if an Amended Complaint was not timely filed. The court also ordered the Clerk's office to provide Plaintiff with a list of attorneys willing to serve as pro bono counsel.

On November 1, 2021, Plaintiff requested and received an extension of time to December 6, 2021, to file an Amended Complaint. Plaintiff represented that he was in the

process of seeking legal representation and that he had contacted several attorneys
including one with whom he had a prior working relationship, Matthew Hart, Esq. *See*
Doc. 15. On December 22, 2021, because Plaintiff had not filed an Amended Complaint,
the court dismissed Plaintiff's action for failure to prosecute and judgment was entered
December 22, 2021.

In his motion for reconsideration seeking to reopen the case, signed December 29,
2021 and docketed January 3, 2022,[1] Plaintiff argues:

> Plaintiff Hall asks this Court to excuse him based upon a[]
> misunderstanding communication between him and [A]ttorney Hart's
> failure to provide Hall with a decision to represent him. The failure to
> prosecute the action on or before December 6, 2021, was due to [A]ttorney
> Hart's inaction to prosecute the case and to respond to Plaintiff once he
> received the information from the Court to do so.

(Doc. 21 at 2.) Plaintiff asserts Attorney Hart should be required to submit a statement
to the court. He requests the court vacate its Judgment dismissing the case and afford him
a new deadline to file an Amended Complaint "with or without counsel." *Id.*

## II.    Conclusions of Law and Analysis.

Courts afford pleadings and other filings of self-represented parties "special
solicitude" and construe them liberally. *See Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir.
2019) (internal quotation marks omitted); *see also Ahlers v. Rabinowitz*, 684 F.3d 53, 60
(2d Cir. 2021) (explaining a document filed by a self-represented litigant must be
liberally construed). "The filing of an amended complaint is not permissible once a
judgment is entered unless the judgment is set aside or vacated[.]" *In re Assicurazioni
Generali, S.P.A.*, 592 F.3d 113, 120 (2d Cir. 2010).

"As a procedural matter, a party seeking to file an amended complaint
postjudgment must first have the judgment vacated or set aside pursuant to [Rules] 59(e)

---

[1] Under the prison mailbox rule, an incarcerated self-represented litigant's document is deemed
filed at the time it was delivered to prison authorities for forwarding to the court. *See Houston v.
Lack*, 487 U.S. 266, 276 (1988); *see also United States v. Newton*, 2014 WL 348195, at *5
(D. Vt. Jan. 31, 2014) (noting if it is unclear when an incarcerated self-represented litigant's
document was mailed, courts assume it is filed on the day it is signed and dated).

3

or 60(b)." *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011) (internal quotation marks and citation omitted). Federal Rule of Civil Procedure 59(e) allows a motion to alter or amend a judgment within twenty-eight (28) days of the entry of the judgment. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Plaintiff's motion is timely under Rule 59.

Under Rule 59, a court "may alter or amend judgment to correct a clear error of law or prevent manifest injustice." *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008) (internal quotation marks and citation omitted). A district court's determination under Rule 59(e) is reviewed for abuse of discretion. *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015). A district court "abuse[s] its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." *Id.* (internal quotation marks and citation omitted; first alteration added). "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted).

While Plaintiff timely filed his motion to reconsider under Rule 59(e), Defendants argue he has failed to justify reconsideration of the dismissal of his case. Plaintiff, however, has articulated a good faith, reasonable ground for his relatively minor delay in filing a proposed Amended Complaint. He was waiting for legal counsel to respond to him in hopes of filing an Amended Complaint that redressed the deficiencies in his previous Complaint.

The court is mindful of Plaintiff's self-represented status and his representation of a miscommunication with potential legal counsel. To ensure manifest injustice does not occur in this case, the court will accept a proposed Amended Complaint which must set forth the basis for the court's subject matter jurisdiction over any claims asserted. *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("the party asserting federal

4

jurisdiction bears the burden of establishing jurisdiction" exists). Leave to amend is futile with respect to the RPD, which does not have the capacity to be sued. Because better pleading will not cure that deficiency, Plaintiff is not granted leave to amend to assert claims against RPD.

For these reasons, the motion for reconsideration to reopen (Doc. 21) is GRANTED IN PART AND DENIED IN PART, judgment granted in favor of VSP is vacated.

Plaintiff is reminded that an Amended Complaint, if filed, will supersede and completely replace the original Complaint. *See Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) (noting "it is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect") (brackets and internal quotation marks omitted). Therefore, a proposed Amended Complaint must include Plaintiff's factual allegations in their entirety and must set forth the claims he alleges against each defendant and the relief he seeks in numbered paragraphs. Equally important, an Amended Complaint must comport with the Federal Rules of Civil Procedure, including setting forth short and plain statements of each claim as required by Rule 8. For further reference, Plaintiff may consult a sample Complaint as well as the court's Representing Yourself as a *Pro Se* Litigant Guide, available on the court's website at www.vtd.uscourts.gov/filing-without-attorney-1.

## CONCLUSION

For the reasons stated above, the court GRANTS IN PART and DENIES IN PART Plaintiff's motion for reconsideration to reopen his case (Doc. 21). The judgment (Doc. 20) is vacated as to VSP but not as to RPD and Plaintiff's case is partially reopened. Plaintiff may file a proposed Amended Complaint no later than May 27, 2022. Further extensions are unlikely in light of the continuance previously granted. Plaintiff is

again warned that failure to timely file an Amended Complaint will result in the dismissal of his case.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this _27_ day of April, 2022.

Christina Reiss, District Judge
United States District Court

6