United States District Court

For the

District of Vermont

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 MAY 23  AM II: 06

CLERK

BY_____
DEPUTY CLERK

JAMAL HALL,

      Plaintiff,

-vs-

R.C.P.D. Officer Ryan Ashe and
V.S.P. Officer Jeremy Sullivan,

      Defendants.

Civil No. 2:21-cv-00130

AMENDED COMPLAINT
JURY TRIAL DEMAND

COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, Jamal Hall, Pro Se, individually and hereby brings this action under 42 U.S.C. § 1983 to redress his civil and legal rights and alleges as follows:

PRELIMINARY STATEMENT

1.    This is a civil rights action in which the Plaintiff, Jamal Hall, seeks relief for the Defendant's violation of his rights secured by 42 U.S.C. § 1983 and by the United States Constitution, including the Fourth and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages, and such other further relief as this Court deems just and proper.

1

JURISDICTION

2.    This Action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 1343.

PLAINTIFF

3.    Plaintiff Jamal Hall is currently a prisoner of the United States confined at FCI-Otisville, located in Orange County, State of New York as prisoner ID No. 12296-082.

DEFENDANTS

4.    Defendants Ryan Ashe and Jeremy Sullivan, being sued individually and in his official capacity, was at all times relevant herein, a duly appointed and acting officer, servant, employee and agent of (Ashe-Rutland Police Department), a municipal agency of the City of Rutland; Officer Jeremy Sullivan a duly appointed and  acting officer, servant, employee and agent of the Vermont State Police (hereinafter "VSP"). At all times  relevant herein, Officer Ryan Ashe and Officer Jeremy Sullivan was acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of Vermont and the Rutland City Police Department and Vermont State Police Headquarters, in the course and scope of their duties and functions as an officer, agent, servant and employee of The City of Rutland, Vermont State Police, and the Rutland Police Department, and was otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

2

FACTS

5.    On or about August 2, 2018, Plaintiff was driving a 2014 blue Honda Civic sedan vehicle which was owned by Jennifer L. Hughes which was to visit family members in New York, but Plaintiff eventuality over stayed with the vehicle and the vehicle was reported stolen by Ms. Hoghes to the police department.

6.    In an unrelated matter/incident, Plaintiff had a federal warrant issued for his arrest in regards to an assault at an Tavern for which the Defendants became aware of while apprehending Plaintiff that a federal arrest warrant was issued for Plaintiff's arrest.

7.    Upon driving the stolen vehicle, Defendants Ashe and Sullivan activited their blue lights and sirens in an attempt to pull over the stolen vehicle which Plaintiff Hall was driving north on Route 7 at which point Plaintiff was under the influence of a drug named "estacy" and resulted in his ultimate decision to attempt to out-run the police cruiser at all means without causing panic.

8.    Upon traveling on Route 7, Plaintiff's vehicle was hit with Defendant's stop sticks which was deployed on the street to puncture the vehicle tires and successfully did punctured two tires in order to provide a safe stop of the vehicle. However, Defendants causing two tires to deflate providing the vehicle to swerve left to right and eventuality causing the vehicle to hit into another blue Honda Civic vehicle at which point the vehicle was put to a rest and Plaintiff Hall gave a short foot pursuit and eventuality being tasered multiple times by the Defendants Ashe and Sullivan.

9.   Defendants Ashe and Sullivan upon approaching Plaintiff Hall while on the ground in a face-down position and while Defendants Ashe and Sullivan deployed their tasers (an electrical weapon devise) causing Plaintiff's mid posterior right thigh and four superficial circular abrasions over his right posterior scapula (shoulder blade) to be hit with the taser probes and a drive stun at close range to the body which caused extreme pain.

10.   Upon Plaintiff being in an neuromuscular incapacitation position, Defendants Ashe and Sullivan applied hand restraints while on the ground to the back of Plaintiff's hands and while Plaintiff was facing in a downward position for a great amount of time until the ambulance arrived to physically remove the taser darts, Plaintiff was in a discomfort position for more than ten minutes and could not breathe fully and ordered both Defendants to place him in an up position, which did not happen.

11.   Defendants Ashe and Sullivan stated that "we should check Plaintiff's rectum for possible drug possession". Defendants Ashe and Sullivan proceeded to place black gloves onto their hands and while Plaintiff was in a face-down position on the ground, Defendants Ashe and Sullivan ordered Plaintiff to spread his legs apart for a "Cavity Search" and inserted their fingers into Plaintiff's rectum in hopes of recovering drugs (none was found) along with assistance from the A.T.F. Agents (Alcohol, Tobacco, Firearms). The fact that Plaintiff came from New York and is of Afican American descent, with a stolen vehicle, high on drugs, Defendants Ashe and Sullivan determined that Plaintiff Hall might be concealing drugs in his rectum which was without probable cause and engaged in an unlawful cavity search of my person.

4

12.    While Plaintiff Hall being in a face-down position on the ground, Mr. Hall was shouting to both Defendant's, "please stop, please stop" which the both Defendant failed to stop and proceeded with the cavity search of my person.

13.    The conduct of Officer's Ashe and Sullivan, acting together with one another, in detaing Mr. Hall and using excessive force against him, unconstitutional cavity search without probable cause to believe narcotics were being stashed inside the rectum, and without a warrant to conduct a cavity search of Mr. Hall's rectum was done maliciously and was unlawful.

14.    As a result of the events alleged herein, and due directly to the actions taken by Officer's Ashe and Sullivan, Mr. Hall suffered and continues to suffer pain, emotional trauma, discomfort, humiliation, fear, anxiety and embarrassment.

### COUNT ONE:

### EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND
### FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983

15.    Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraphs as fully set forth herein.

16.    The misconduct and actions of Defendants Ashe and Sullivan, acting under color of law, by shooting Plaintiff Hall with multiple rounds of a taser darts at close range in his upper shoulder and thigh and rendering Hall incapacitated left him in a face-down position on the ground until after the ambulance arrived to remove the taser probes was far more than Defendant's procedures on use of Conducted Electrical Weapons required by Rutland Police Departments Directive No.

402. In that, acting in an inappropriate manner, failed to position Plaintiff in a recovery position that facilitates his breathing as Plaintiff was faced-down on the ground for approximately 15 to 20 minutes. Defendants Ashe and Sullivan using excessive force and unreasonable means to conduct a cavity search of his rectum constitutes an unlawful search under the Fourth Amendment and the use of a taser multiple times resulted in permanant nerve damage which was highly unreasonable, was done willfully, maliciously, with deliberate indifference and/or with malice and with reckless disregard for the natural and probable consequences of his act was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Mr. Hall's rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from unreasonable searches of his person (rectum) and the right to be free from the excessive, unreasonable, and unjustified force.

17.    As a direct and proximate result of the foregoing, Plaintiff was subject to great physical and emotional pain and humiliation, was deprived of his due process, and was otherwise damaged and injured.

18.    At all times relevant to this Complaint, Officer Ashe and Sullivan, had in effect polices, practices, and customs that condoned and fostered the unconstitutional conduct of Officer's Ashe and Sullivan, and were a direct and proximate cause of the damages suffered by Mr. Hall.

## JURY DEMAND

Plaintiff, Jamal Hall, hereby demands a trial by jury as to all claims

6

in this action.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court and the jury grant him judgment in an amount to be determined by the trier of fact as just, and other relief as the Court deems just and equitable; and in an amount in excess of $1,000,000.

DATED: May 16, 2022
        Otisville, New York

Respectfully, *Jamal Hall*

Plaintiff
Jamal Hall # 12296-082

FCI-Otisville
P.O. Box 1000
Otisville, NY 10963

7

Affidavit of Service by U.S. Mail


I, Jamal Hall, Plaintiff, due hereby affirm under penalties of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:


On the 16th day of May, 2022, I have deposited an AMENDED COMPLAINT in regards to a Section 42 U.S.C. § 1983 Civil Rights Complaint in a pre-paid First-Class envelope and properly addressed to the following:


Clerk, U.S. District Court
District of Vermont
P.O. Box 945
Burlington, VT   05402-0945


DATED: May 15, 2022
       Otisville, New York

Respectfully, Jamal Hall

Jamal Hall
P.O. Box 1000
FCI-Otisville
Otisville, NY 10963