UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JAMAL HALL,

    Plaintiff,

v.

    Case No. 2:21-cv-130

RYAN ASHE, R.C.P.D. OFFICER, and
JEREMY SULLIVAN, V.S.P. OFFICER,
individually and in their official capacities,

    Defendants.

**AMENDED ENTRY ORDER
GRANTING IN PART MOTION TO APPOINT COUNSEL,
PROVIDING FED. R. CIV. P. 4(m) NOTICE, AND ORDER
TO PLAINTIFF TO PROVIDE ADDRESS INFORMATION**
(Doc. 34)

Plaintiff Jamal Hall, a federal inmate representing himself, moves for appointment of counsel under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. On May 23, 2022, Plaintiff filed an Amended Complaint against Rutland City Police Department ("RPD") Officer Ryan Ashe and Vermont State Police ("VSP") Officer Jeremy Sullivan alleging that, during his arrest, they used excessive force by tasing him and conducting a cavity search. (Doc. 25.) Only Defendant Sullivan filed a response to Plaintiff's motion for counsel and Plaintiff did not reply. Thus, the court took the motion under advisement on September 29, 2022.

**I.   Procedural Background.**

On May 21, 2021, under 28 U.S.C. § 1915(a)(1), Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") without prepayment of filing fees. His initial Complaint alleged discrimination and excessive force claims under § 1983 against the RPD and VSP in violation of his Fourth and Fourteenth Amendment rights.

In an October 7, 2021 Opinion and Order, the court dismissed Plaintiff's claims against RPD because it was not an entity that could be sued and dismissed his claims

against VSP because sovereign immunity bars private suits for damages against a nonconsenting state, its agencies, and officials. The court noted the proper defendant for Plaintiff's claims against RPD is the City of Rutland and explained the governing law for stating a municipal liability claim under § 1983. The court granted Plaintiff leave to file an Amended Complaint on or before November 5, 2021, and warned that the action would be dismissed if an Amended Complaint was not timely filed. The court also ordered the Clerk's office to provide Plaintiff with a list of attorneys willing to serve as pro bono counsel.

On November 1, 2021, Plaintiff requested and received an extension of time until December 6, 2021 to file an Amended Complaint. Plaintiff represented that he was in the process of seeking legal representation and that he had contacted several attorneys including one with whom he had a prior working relationship. *See* Doc. 15. On December 22, 2021, because Plaintiff had not filed an Amended Complaint, the court dismissed Plaintiff's action for failure to prosecute and judgment was entered the same day.

On December 29, 2021, Plaintiff moved for reconsideration asserting his failure to timely file an Amended Complaint was due to a miscommunication between himself and the identified attorney with whom he had a prior working relationship. He requested the court vacate its Judgment dismissing the case and impose a new deadline to file an Amended Complaint "with or without counsel." (Doc. 21 at 2.) On April 27, 2022, the court granted in part and denied in part Plaintiff's motion. The judgment was vacated as to VSP but not as to RPD and Plaintiff's case was partially reopened. Plaintiff was granted leave to file a proposed Amended Complaint no later than May 27, 2022.

Plaintiff timely filed an Amended Complaint against RPD Officer Ashe and VSP Officer Sullivan, in their individual and official capacities, alleging an excessive force claim under 42 U.S.C. § 1983 in violation of his Fourth and Fourteenth Amendment rights. He asserts that on August 2, 2018, while attempting to apprehend him as he was driving a vehicle reported as stolen:

> Defendants Ashe and Sullivan, acting under color of law, . . . sho[]t[] Plaintiff Hall with multiple rounds of a taser darts at close range in his

upper shoulder and thigh and rendering Hall incapacitated left him in a face-down position on the ground until after the ambulance arrived to remove the taser probes[,] . . . [and] failed to position Plaintiff in a recovery position that facilitates his breathing as Plaintiff was faced-down on the ground for approximately 15 to 20 minutes. Defendants Ashe and Sullivan us[ed] excessive force and unreasonable means to conduct a cavity search of [Plaintiff's] rectum . . . and the use of a taser multiple times resulted in permanent nerve damage[.]

(Doc. 25 at 5-6, ¶ 16.) He states he "was under the influence of a drug named 'e[c]sta[s]y'" which "resulted in his ultimate decision to attempt to out-run the police cruiser[.]" *Id.* at 3, ¶ 7. Plaintiff seeks compensatory and punitive damages "in an amount in excess of $1,000,000." *Id.* at 7. Officer Sullivan filed an answer and an amended answer to the Amended Complaint, however, it appears that Officer Ashe has not been served in this action and that he is no longer an RPD Officer.

## II. Conclusions of Law and Analysis.

### A. Plaintiff's Motion for Appointment of Counsel.

Courts afford pleadings and other filings of self-represented parties "special solicitude" and construe them liberally. *See Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (internal quotation marks omitted); *see also Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (explaining a document filed by a self-represented litigant must be liberally construed). Plaintiff moves for appointment of counsel under the CJA, 18 U.S.C. § 3006A asserting that:

> Plaintiff is unable to afford counsel. . . . Plaintiff's imprisonment will greatly limit his ability to litigate further. The issues involved in this case are very complex, and will require significant research and investigation. Plaintiff has limited access to the law library and limited knowledge of the law. [] A trial in this case will likely involve conflicting testimony, and counsel would better enable Plaintiff to present evidence and cross-examine witnesses.

(Doc. 34 at 1-2, ¶¶ 1-3.) Defendant Sullivan responds that he is not opposed to Plaintiff receiving appointed counsel but that the CJA only applies to criminal defendants in a criminal case.

"A party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Conn. State Trooper Officer # 1283*, 640 F.3d 62, 68 (2d Cir. 2011). Nevertheless, a party granted IFP status may request the appointment of an attorney if unable to afford one. *See* 28 U.S.C. § 1915(e)(1). A court may ask an attorney to represent an indigent litigant under § 1915(e)(1) but there are limited court funds available to pay the attorney and the court cannot compel the attorney to accept a civil case pro bono. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-02 (1989) ("[Congress's] decision to allow federal courts to *request* attorneys to represent impoverished litigants, rather than command . . . that lawyers *shall* or *must* take on cases assigned to them, bespeaks an intent not to authorize mandatory appointments of counsel.") (footnote omitted). "As a result, [these] appointments occur very rarely[.]" *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007) (footnote omitted).

The Second Circuit has established a framework for determining whether counsel should be appointed for IFP litigants in civil cases. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). As a threshold requirement, a court must determine whether the indigent's claim "is likely one of substance." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citing *Hodge*, 802 F.2d at 61). Once satisfied, the court

> should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61-62. A court may also consider if the indigent party has made an effort to retain counsel and the general availability of counsel able to provide representation on a pro bono basis. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). A district court is granted "[b]road discretion" when determining whether counsel should be appointed for IFP litigants in civil cases. *Hodge*, 802 F.2d at 60.

4

Plaintiff brings this action under 42 U.S.C. § 1983 alleging a violation of his constitutional rights caused by Defendants' excessive use of force. Plaintiff alleges that Defendants shot him with multiple rounds of a taser darts at close range, left him in a face-down position on the ground for an extended period of time, and conducted a cavity search of his rectum without probable cause. These factual allegations suffice to demonstrate the lawsuit is of substance.

Officer Sullivan has filed an answer and the case is proceeding to discovery. Plaintiff's ability to investigate would be aided by counsel as he is presently incarcerated. He has represented to the court that he has diligently sought representation and there is little question that he is unable to afford counsel on his own. Plaintiff's ability to investigate the crucial facts would be aided by counsel and counsel may provide assistance in evaluating Plaintiff's potential claims. Although the availability of pro bono counsel is limited, appointment of counsel would be more likely to lead to a just determination in this matter. *See Dorlette v. Iozia*, 2020 WL 509564, at *6 (D. Conn. Jan. 31, 2020) (finding the appointment of pro bono counsel would serve the interests of justice where plaintiff was incarcerated and discovery matters required resolution). Plaintiff's motion for appointment of counsel (Doc. 34) is therefore GRANTED IN PART. The court directs the Clerk's Office to appoint pro bono counsel on behalf of the Plaintiff.

This district's Special Court Fund exists to cover expenses for purposes which inure to the benefit of the bench and the bar in the administration of justice for which appropriated funds are not available. It provides for the reimbursement of pro bono counsel for out-of-pocket expenses, payment of compensation of pro bono counsel, and payment of witness fees on behalf of indigent self-represented litigants. Use of the Special Court Fund for these purposes in this case is appropriate. Upon conclusion of the case, pro bono counsel shall be allowed to petition the court for compensation and for reimbursement of expenses incurred in the preparation and presentation of the case. The limit applicable to such expenses requested by counsel shall not exceed five thousand dollars ($5,000.00) which amount may be increased with prior court approval.

Within thirty (30) days of the entry of a judgment, the appointed attorney shall file with the Clerk of Court a request for payment of compensation and reimbursement of costs in writing and should be accompanied by sufficient documentation justifying the expenses as reasonable and appropriate.

### B. Fed. R. Civ. P. 4(m) Notice to Plaintiff.

Federal Rule of Civil Procedure 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Although where "the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915[,]" the court must "order that service be made by a United States marshal[,]" *see id.* 4(c)(3), it remains Plaintiff's responsibility to provide "the information necessary to locate and serve a defendant." *See Representing Yourself as a* Pro Se *Litigant Guide*, United States District Court for the District of Vermont, at 7 (Dec. 2015), *available at* http://www.vtd.uscourts.gov/sites/vtd/files/ProSeGuide113015.pdf.

The Clerk's Office has twice requested address information for Officer Ashe following the filing of the unexecuted summons. The U.S. Marshal indicated that Officer Ashe no longer works for RPD. *See* Doc. 30. Although "the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)," *see Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010), the "Marshals Service cannot investigate [the] defendant's whereabouts, nor can the Court." *Gustaff v. MT Ultimate Healthcare*, 2007 WL 2028103, at *3 (E.D.N.Y. June 21, 2007). It has now been over six months since the filing of Plaintiff's Amended Complaint and, other than responding with the same out-of-date address, Plaintiff has taken no action to assist in serving Officer Ashe.

Plaintiff is hereby ORDERED to provide a current address for Officer Ashe so that the Marshals Service can effect service. If Plaintiff should fail to respond on or before February 17, 2023, the claims against Officer Ashe will be dismissed without prejudice under Rule 4(m).

## CONCLUSION

For the reasons stated above, Plaintiff's motion to appoint counsel (Doc. 34) is GRANTED IN PART. In addition, Plaintiff is ORDERED, with the assistance of counsel, to provide a current address for Officer Ashe on or before February 17, 2023, or the claims against Officer Ashe will be dismissed without prejudice under Rule 4(m). SO ORDERED.

Dated at Burlington, in the District of Vermont, this 3rd day of February, 2023.

Christina Reiss, District Judge
United States District Court